The decision below is signed as a decision of the court.

Signed: June 17, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIC JONES, | ) | Case No. 08-00066 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO DISMISS

    The United States Trustee has moved to dismiss this case on the basis that the debtor failed to obtain credit counseling as required by 11 U.S.C. §109(h)(1) prior to filing his case. On January 31, 2008, the debtor, Eric Jones, who is currently incarcerated at the Federal Correction Institute in Cumberland, Maryland, filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Although he filed an Exhibit D to the petition in which he requested a temporary waiver of the credit counseling requirement imposed by 11 U.S.C. § 109(h), he has never described exigent circumstances justifying such a waiver, and failed to respond to an order directing him to show cause why the requested

waiver ought not be denied on that basis.[1]

The debtor has filed a response to the United States Trustee's motion in which he confuses the requirement under 11 U.S.C. § 109(h) of *prepetition* credit counseling with the requirement of 11 U.S.C. § 727(a)(11) of taking a *postpetition* course in personal financial management.  Because he has e-mail capabilities where he is incarcerated, he was able to take the course required by § 727(a)(11) via the internet.  The debtor's response attaches a certificate of debtor education dated March 7, 2008.  That course, however, is not the same thing as credit counseling under § 109(h)(1), and, in any event, it was not obtained prepetition as required by § 109(h)(1).

The court will thus grant the United States Trustee's motion to dismiss this case.  If the debtor decides to file a new case, he should be able to obtain credit counseling via the internet before he files his case.  Approved agencies can be found at the United States Trustee website:

  http://www.usdoj.gov/ust/eo/bapcpa/ccde/index.htm

Failure to obtain credit counseling prepetition may lead to the dismissal of any new case.

The debtor complains that the court is sending mail to his wife's address instead of his prison address.  But the court is

---

[1] Moreover, it is unlikely that he could not have promptly obtained credit counseling via the internet (which he apparently did not realize when he filed his case).

utilizing the mailing address listed on the debtor's petition. He also listed a Cumberland, Maryland address as his "street address." For purposes of sending notices to a debtor, the clerk utilizes the address on that debtor's petition listed as her "mailing address," not the address listed as her "street address." If the debtor wishes to change his mailing address, he may file a notice to the clerk to change that mailing address.[2]

                                             [Signed and dated above.]

Copies to:

Debtor [at his mailing address of record]

Chapter 7 Trustee

Office of United States Trustee

Eric Jones
P.O. Box 1000 Unit G1 # 111
Cumberland, MD 21501

---

[2] The handwritten Unit number listed as part of the debtor's street address on his petition is unclear. It appears to be Unit G1, but it could be something different.

3